UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-07271 JAK (BFMx) | Date | January 16, 2024 |
| Title | Christopher J. McBee v. Raytheon Technologies Incorporated, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 15)

**JS-6**

**I.   Introduction**

On July 24, 2023, Christopher McBee ("McBee or Plaintiff") brought this action in the Los Angeles Superior Court against Raytheon Technologies Incorporated ("Raytheon Inc."), Raytheon (CA) Technologies Corporation ("Raytheon Corp."), Collins Aerospace and Does 1-50 (collectively, "Defendants"). Dkt. 1-1 at 4. The Complaint advances the following causes of action:

1. Age-Based Discrimination in Violation of Cal. Gov't Code § 12940, *et seq.*;
2. Age-Based Harassment in Violation of Cal. Gov't Code § 12940, *et seq.*;
3. Age-Based Retaliation in Violation of Cal. Gov't Code § 12940, *et seq.*;
4. Retaliation in Violation of Cal. Lab. Code § 232.5, *et seq.*;
5. Retaliation in Violation of Cal. Lab. Code § 98.6;
6. Retaliation in Violation of Cal. Lab. Code § 1102.5;
7. Wrongful Discharge and Retaliation in Violation of Public Policy
8. Wrongful Discharge in Violation of Cal. Gov't Code § 12940, *et seq.*;
9. Failure to Prevent Discrimination and Retaliation in Violation of Cal. Gov't Code § 12940, *et seq.*

Dkt. 1-1 ¶¶ 46-134. The Complaint seeks compensatory, economic and non-economic damages; penalties; and punitive and exemplary damages. *Id.* at 28-29.

On September 1, 2023, Defendants removed the action based on diversity of citizenship. Dkt. 1 at 3. On October 5, 2023, Plaintiff filed a motion to remand to the Los Angeles Superior Court (the "Motion"). Dkt. 15. On November 20, 2023, Defendants filed an opposition to the Motion (the "Opposition"). Dkt. 17. On November 27, 2023, Plaintiff filed a reply in support of the Motion (the "Reply"). Dkt. 112.

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. For the reasons stated in this Order, the Motion is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-07271 JAK (BFMx) | Date | January 16, 2024 |
|---|---|---|---|
| Title | Christopher J. McBee v. Raytheon Technologies Incorporated, et al. | | |

**II.     Background**

      A.     Parties

The Complaint alleges that Raytheon Inc. is a California corporation, Raytheon Corp. is a Delaware corporation, which is registered with the California Secretary of State as a foreign limited liability company in California, and that Collins Aerospace is an unknown entity doing business in California. Dkt. 1-1 ¶¶ 2-4. It alleges that Raytheon Inc., Raytheon Corp. and Collins Aerospace all maintain their principal places of business at the same two addresses in El Segundo, California and San Dimas, California. *Id.* The Complaint alleges that Defendants operate as parts of a single business. *Id.*

The Complaint alleges that Plaintiff is a 60-year-old male who is a resident of California. *Id.* ¶ 1. It alleges that Plaintiff was employed by Defendants collectively, either as employers or joint-employers, to perform services supporting Defendants' Los Angeles County offices. *Id.* ¶ 5.

      B.     Allegations in the Complaint

The Complaint alleges that Plaintiff began his employment with Defendants on or about January 2019. *Id.* ¶ 19. It alleges that Plaintiff was hired to be an Associate Director of Business Development for Defendants' aerospace defense systems. *Id.* It alleges that Plaintiff's duties included, but were not limited to, obtaining new contracts with the United States government and commercial customers. *Id.*

The Complaint alleges that, during Plaintiff's tenure, he received positive feedback and was nominated for a "best new talent" award in 2020. *Id.* ¶¶ 20-21. It also alleges that, on or about October 2022, Plaintiff was subjected to adverse employment action including age-related discrimination, retaliation and harassment; scapegoating for mistakes made by others; discipline for minor mistakes; and microaggressions by superiors. *Id.* ¶¶ 25-27. It alleges that during the time that Plaintiff objected to the hostile work environment and the conduct to which he was subjected, Defendants continued to fabricate negative work performance issues, the hostile work environment and the adverse employment actions. *Id.* ¶ 28. The Complaint alleges that Plaintiff was ultimately terminated by Defendants on or about June 9, 2023. *Id.* ¶ 29.

The Complaint alleges that Defendants' unlawful employment practices were systematic and undertaken with malice and with reckless indifference to Plaintiff's rights. *Id.* ¶¶ 32-35. It alleges that Defendants' true intention was to create a hostile work environment and to prevent Plaintiff from objecting to Defendants' illegal practices. *Id.* ¶ 38. It alleges that as a direct result of Defendants' acts, Plaintiff has suffered damages in an amount of at least $650,000. *Id.* ¶ 41.

      C.     Allegations in the Notice of Removal

On September 1, 2023, Defendants removed the action pursuant to 28 U.S.C. § 1441(b) on the basis of diversity of citizenship. Dkt. 1. The Notice of Removal asserts that there is complete diversity between Plaintiff and Defendants based on the following analysis of each of the parties' citizenship and standing. *First*, the Notice of Removal asserts that Plaintiff is a resident and citizen of California because he resides and works here. Dkt. 1 at 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-07271 JAK (BFMx) | Date | January 16, 2024 |
| Title | Christopher J. McBee v. Raytheon Technologies Incorporated, et al. | | |

*Second*, the Notice of Removal asserts that Defendant Raytheon Corp. was incorrectly sued because, although it was formerly known as Raytheon Technologies Corporation, it is now doing business as RTX Corporation ("RTX"). *Id.* at 2. The Notice of Removal asserts that RTX is not a citizen of California. It states that RTX is a Delaware corporation whose principal place of business is in Connecticut. *Id.* at 5-6.

*Third*, the Notice of Removal asserts that Defendant Collins Aerospace was incorrectly sued because Collins Aerospace is a "marketing name" for Hamilton Sundstrand Corporation ("Hamilton Sundstrand"), a Collins Aerospace Company. *Id.* at 2 n.3. The Notice of Removal asserts that the citizenship of Collins Aerospace and/or Hamilton Sundstrand is immaterial for purposes of removal because neither was served in connection with the action. *Id.* at 6. It also states, however, that Hamilton Sundstrand is not a citizen of California because it is a Delaware corporation whose principal place of business is in North Carolina. *Id.*

*Finally*, the Notice of Removal asserts that Defendant Raytheon Inc. is a California corporation through which RTX does business in California. *Id.* at 7-8. It asserts that Raytheon Inc.'s California citizenship must be disregarded for purposes of removal because it is a "sham defendant" that cannot be held liable in the action. *Id.* at 7-8. It asserts that Plaintiff's legal claims may only be asserted against an employer, and Raytheon Inc. was not Plaintiff's employer. *Id.* at 8-11.

**III.   Analysis**

   A.   Legal Standards

      1.   Motion to Remand

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. *See* 28 U.S.C. § 1441.

Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

When a matter is removed based on a claim of diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a); *see Hunter*, 582 F.3d at 1042. "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 419 (9th Cir. 2018).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Hunter*, 582 F.3d at 1042 (there is a "strong presumption against removal jurisdiction" and courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-07271 JAK (BFMx) | Date | January 16, 2024 |
| Title | Christopher J. McBee v. Raytheon Technologies Incorporated, et al. | | |

should "resolve[] all ambiguity in favor of remand to state court"). The removing party has the burden of establishing that it is proper to do so. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, LLC v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

      2.    <u>Fraudulent Joinder</u>

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.' " *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' " *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

This standard imposes a "heavy burden" on the party asserting fraudulent joinder. *Hunter*, 582 F.3d at 1046. Although the test is similar to the one that applies under Fed R. Civ. P. 12(b)(6), the Ninth Circuit has explained that it is more appropriately compared to the "wholly insubstantial and frivolous" standard for dismissing claims for lack of federal question jurisdiction. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *see also Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("[A] federal court's fraudulent-joinder consideration should be akin to an application of Rule 11.").

Under this stringent standard, the plaintiff's failure to state a claim must be "obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (citation omitted). Furthermore, the district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. *See also Arteaga v. FCA US LLC*, No. CV 20-2702-DMG, 2020 WL 2857488, at *2 (C.D. Cal. Jun. 2, 2020) (district court evaluating case removed from California state court should consider "California's liberal amendment standard"); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12–09437 MMM, 2013 WL 815975, at *4-5 (C.D. Cal. Mar. 5, 2013) ("Essentially, defendants must show that plaintiff cannot assert a claim against the non-diverse party as a matter of law . . . the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

Although the defendant asserting federal jurisdiction "is entitled to present the facts showing the joinder to be fraudulent[,]" *McCabe*, 811 F.2d at 1339, the Ninth Circuit has explained that the fraudulent joinder inquiry should not turn on the resolution of complex factual disputes. Rather, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)). Thus, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

      B.    Application

It is undisputed that Plaintiff is a California citizen; that RTX/Raytheon Corp. is a citizen of Delaware and Connecticut; that Collins Aerospace/Hamilton Sundstrand is a citizen of Delaware and North

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-07271 JAK (BFMx) | Date | January 16, 2024 |
| Title | Christopher J. McBee v. Raytheon Technologies Incorporated, et al. | | |

Carolina; and that Raytheon Inc. is a citizen of California. *See generally* Dkts. 15, 17. It is also undisputed that the amount in controversy exceeds $75,000. *Id.*

Thus, the issue presented by the Motion is whether Raytheon Inc. is a sham defendant that was fraudulently joined. *See* Dkt. 15 at 8-9; Dkt. 17 at 9-17. If Raytheon Inc. is a sham defendant, its California citizenship may be disregarded for purposes of removal and there would be diversity jurisdiction over this action pursuant to 28 U.S.C. § 1441(b). If Raytheon Inc. is not a sham defendant, its California citizenship destroys complete diversity in this action and the action would have to be remanded.

      1.      <u>Whether Raytheon Inc. Was Fraudulently Joined</u>

It is undisputed that Raytheon Inc. may only be held liable for Plaintiff's various employment-related causes of action if it served as Plaintiff's "employer," either directly or as a joint employer in concert with other entities. *See* Dkt. 15 at 8-9; Dkt. 17 at 9-17. Therefore, to show that Raytheon Inc. was fraudulently joined, Defendants must show that there is no possibility Plaintiff can hold Raytheon Inc. liable as an employer.

The question whether an entity functions as an employer typically involves a "careful factual inquiry." *Vernon v. State of Cal.*, 116 Cal. App. 4th 114, 125 (2004). Thus, California courts generally do not sustain demurrers in such cases with prejudice. *See, e.g.*, *Morales v. 22nd Dist. Agric. Ass'n*, 1 Cal. App. 5th 504, 543-44 (2016; *Guerrero v. Sup. Ct.*, 213 Cal. App. 4th 912, 940, 958 (2013) (order granting demurrer reversed when "many of the 'facts' regarding the particular . . . [services performed] and the specific tasks performed by [Plaintiff] [were] unknown at this stage of the proceeding"). Likewise, district courts generally have not found the question of employer status suitable for resolution in the fraudulent joinder context. *See, e.g.*, *Jana Preciutti v. Anthem Blue Cross of Cal.*, No. CV-20-03530-JAK, 2020 WL 7646379, at *6-7 (C.D. Cal. Dec. 23, 2020). Where district courts have considered questions about employer status in the context of evaluating fraudulent joinder, exceptional circumstances were presented. *See, e.g.*, *Maffei v. Allstate Cal. Ins.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (defendant corporation had "never conducted any business of any kind anywhere," and amounted to "nothing more than an empty corporate shell created in anticipation of a business plan that was never carried out"). Thus, even when a defendant presents some evidence that weighs against allegations of employer status, district courts have not concluded that the burden of showing fraudulent joinder has been met. *See, e.g.*, *Waterman v. Wells Fargo & Co.*, No. CV–17–7190–MWF, 2018 WL 287171, at *7 (C.D. Cal. Jan. 4, 2018) (the "pre-discovery evidentiary record does not mean all that much"); *Maggiuli v. Wells Fargo & Co.*, No. 18-CV-374-GW, 2018 WL 2021435, at *4 (C.D. Cal. Apr. 26, 2018) (same).

Applying these standards, Defendants have not met their substantial burden to show that Plaintiff cannot state a claim against Raytheon Inc. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *Grancare*, 889 F.3d at 548 (fraudulent joinder is appropriate "where a defendant presents extraordinarily strong evidence"). The evidence Defendants have proffered, even if accepted for its truth, fails to establish that Plaintiff "could not possibly recover" against Raytheon Inc. either as a primary employer or as a joint employer. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-07271 JAK (BFMx) | Date | January 16, 2024 |
| Title | Christopher J. McBee v. Raytheon Technologies Incorporated, et al. | | |

*First*, as to primary employment, Defendants argue that Raytheon Inc. "could not have employed and did not employ Plaintiff at any time" because it "did not employ any employees or run payroll at all during the relevant time period." Dkt. 17 at 9. That Raytheon Inc. does not directly hire or pay employees does not foreclose the possibility of liability on any of Plaintiff's nine causes of action. For example, FEHA -- the basis for Plaintiff's first, second, third, eighth and ninth causes of action -- applies to indirect employment arrangements where, in the absence of a direct employment relationship, the employer "exercise[s] direction and control over the employee." *Jimenez v. U.S. Cont'l Mktg., Inc.*, 41 Cal. App. 5th 189, 197 (2019); *see also* Cal. Gov. Code § 12926 (defining an employer as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or *indirectly*" (emphasis added)).

Similarly, claims under Cal. Lab. Code § 1102.5 -- the basis for Plaintiff's fourth cause of action -- generally "rel[y] on interpretations of 'employer' under the FEHA." *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 989-990 (2016) (listing cases). As a result, the evidence provided by Defendants as to Raytheon Inc.'s failure to hire and pay its own employees does not preclude its liability as an employer for certain of Plaintiff's claims because Raytheon Inc., acting through its corporate officers, may still have been able to exercise indirect direction and control over Plaintiff. For this reason alone, Defendants have failed to show that Raytheon Inc. is a sham defendant. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.").

*Second*, as to joint employment, Defendants argue that "there is no possibility" that Plaintiff could establish joint employment by Raytheon Inc. because it is "an on-paper entity that did not employ any employees, did not hold property, did not run payroll, and did not collect any income generating sales during the relevant time period." Dkt. 17 at 15, 17. However, these factors again do not preclude joint employment. Raytheon Inc., through its corporate officers, could have exercised control over another related entity or its personnel. *See Castaneda v. Ensign Grp., Inc.*, 229 Cal. App. 4th 1015, 1017-18 (2014) (a "corporation with no employees" may be a joint employer if it "exercises some control" over a related corporation with employees). Moreover, as the California Supreme Court has recognized, joint employment may be satisfied when "multiple entities control different aspects of the employment relationship." *Martinez v. Combs*, 49 Cal. 4th 35, 76 (2010); *see also Curry v. Equilon Enters., LLC*, 23 Cal. App. 5th 289, 311 (2018) (test is meant to reach "person[s]... not employed in a traditional master/servant relationship"). Therefore, that Raytheon Inc. did not have its own employees or properties does not foreclose the possibility that it may still have exercised sufficient control over Plaintiff's employment to constitute a joint employer of Plaintiff. *See Wynn v. NBC, Inc.*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002) ("Two or more employers may be considered 'joint employers' if both employers control the terms and conditions of employment of the employee.").

The Complaint also includes allegations to support both of these bases for potential liability over Raytheon Inc. As to primary employment, it alleges that Raytheon Inc. exercised direction and control by, along with the other Defendants, "creat[ing] the aforementioned intolerable working conditions and subsequently terminat[ing] Plaintiff due to [his] age and due to [his] voicing [his] complaints about the mistreatment." Dkt. 1-1 ¶ 65. As to joint employment, it alleges that Raytheon Inc. and the other Defendants "were and are the agents, servants, employers, alter egos, joint-venturers, employees, licensees principals, officers, or assignees of each other" and that "[a]ll the acts and failures to act were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-07271 JAK (BFMx) | Date | January 16, 2024 |
| Title | Christopher J. McBee v. Raytheon Technologies Incorporated, et al. | | |

duly performed and attributable to all Defendants, each acting as an supervisor, agent, successor, alter ego, employee, integrated enterprise, and/or under the direction and control of other Defendants." *Id.* ¶ 10.

Although Defendants argue that the Complaint remains "woefully deficient" because it "fails to allege any specific facts" regarding Raytheon Inc.'s employment relationship with Plaintiff (Dkt. 17 at 14-15), there is no showing that Plaintiff could not cure any such deficiencies in an amended complaint. *See Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) ("Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.' "(quoting *Burris v. AT&T Wireless, Inc.*, No. CV-06-02904-JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006))); *see also Grancare*, 889 F.3d at 550. That is particularly true because, as previously discussed, the evidence proffered by Defendants fails to preclude certain manners in which Raytheon Inc. could be held liable as an employer.

For the foregoing reasons, Defendants have failed to meet their burden of showing that Plaintiff cannot possibly state a claim against Raytheon Inc. Thus, Defendants have failed to foreclose the possibility that Raytheon Inc. could be held liable on a primary or joint employer theory. That Plaintiff has not presently set out detailed allegations to support liability on such a theory, and may not be able to do so even following discovery, does not change the outcome. The propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record. *See Allen*, 784 F.3d at 635; *Waterman*, 2018 WL 287171, at *7. For that reason, courts routinely grant motions to remand even where, as here, "a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or [] the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant.." *Waterman*, 2018 WL 287171, at *7.

Accordingly, because Defendants have failed to meet their burden to establish that Raytheon Inc. is a sham defendant, its California citizenship must be considered for purposes of removal and assessing diversity jurisdiction. This results in the determination that there is no diversity jurisdiction over this action.

**IV.    Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**. This case is **REMANDED** to the Los Angeles County Superior Court at its Stanley Mosk Courthouse, Case No. 23STCV17301.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | tj | |